IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICK SPAGNOLO, | ) | CIVIL NO. 11-00340 JMS/RLP |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING |
| | ) | PLAINTIFF'S APPLICATION TO |
| vs. | ) | PROCEED WITHOUT |
| | ) | PREPAYMENT OF FEES; AND |
| NADIC NETWORK CERTIFIED | ) | (2) DISMISSING COMPLAINT |
| DENTISTS, ET AL., | ) | WITH LEAVE TO AMEND |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; AND (2) DISMISSIMG COMPLAINT WITH LEAVE TO AMEND

On May 26 2011, Plaintiff Nick Spagnolo ("Plaintiff"), proceeding *pro se*, filed a Complaint naming four Defendants (two dentists, and two organizations related to dentists), apparently seeking relief for malpractice in dental care.

That same day, Plaintiff filed an Application to Proceed Without Prepaying Fee or Costs ("Application"). Based on the following, the court: (1) GRANTS Plaintiff's Application; (2) DISMISSES the Complaint for lack of subject matter jurisdiction, and (3) GRANTS Plaintiff leave to file an Amended

Complaint asserting a complete basis for federal jurisdiction.[1]

## I. ANALYSIS

### A. Plaintiff's Application Is Granted

Plaintiff's Application indicates that his income from the Social Security Administration for Supplemental Security Income is $674 per month. He apparently also has other income of $383.00 per month. He lists $3,000 in cash or savings. Because Plaintiff has made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees), the court GRANTS Plaintiff's Application.

### B. Plaintiff's Complaint is Dismissed Without Prejudice

#### 1. *Standards of Review*

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the

---

[1] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). A complaint that lacks any basis for federal subject matter jurisdiction is subject to dismissal pursuant to § 1915(e)(2). *Cato v. United States*, 70 F.3d 1103, 1106-07 (9th Cir. 1998).

Plaintiff is appearing *pro se*; consequently, the court liberally construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))).

### 2. *Application to the Complaint's Allegations*

Applying the preceding principles, the court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. Plaintiff alleges federal jurisdiction "by means of federal court diversity of citizenship." Compl. ¶ 3. He seeks monetary damages above the jurisdictional threshold in 28 U.S.C. § 1332. His cause of action is apparently for state law violations -- negligent dental care.

Plaintiff, however, fails to assert the citizenship of any of the Defendants. Without such allegations, the Complaint fails to state a basis of

federal jurisdiction. *See, e.g.*, *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (indicating that "[a] plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction" and therefore "the existence of diversity jurisdiction must be sufficient on the face of the complaint") (citation omitted); Fed. R. Civ. P. 8(a)(1) (providing that a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction"); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("Since the party asserting diversity jurisdiction bears the burden of proof, [Defendant's] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction [in a notice of removal].") (citation omitted). That is, Plaintiff has not demonstrated complete diversity of citizenship in the Complaint.

The court nevertheless concludes that Plaintiff should be allowed an opportunity to file an Amended Complaint in compliance with Rule 8 and that states an arguable basis for federal jurisdiction. Plaintiff needs to allege, if possible, that all Defendants are of different citizenship as Plaintiff for purposes of 28 U.S.C. § 1332. The court will therefore grant Plaintiff leave to file an Amended Complaint that (1) complies with Rule 8's requirement of "simple, concise, and direct" allegations, and (2) contains a basis for federal subject matter jurisdiction.

The court therefore DISMISSES the Complaint WITHOUT PREJUDICE. This dismissal means that Plaintiff is granted leave to file an Amended Complaint correcting the identified deficiencies. If Plaintiff chooses to file an Amended Complaint, it must (1) comply with Rule 8's requirement of "simple, concise, and direct" factual allegations, and (2) contain a basis for federal subject matter jurisdiction. An Amended Complaint:

    (a)    must clearly state how each Defendant has injured Plaintiff, or how the court can provide relief against each Defendant. In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to a specific statute or common-law cause of action; and

    (b)    must clearly state the relief sought and how there is basis for a claim in federal court. In other words, Plaintiff must explain the basis of this court's jurisdiction

Plaintiff is also notified that any amended complaint supercedes the prior complaint and must be complete in itself without reference to prior or superceded pleadings. *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). That is, the Amended Complaint, if any, must stand alone, without reference to prior pleadings or documents in the record.

## II. **CONCLUSION**

For the reasons stated above, the court GRANTS Plaintiff's Application, and DISMISSES the Complaint with leave to amend. Plaintiff is given until **June 24, 2011** to file an Amended Complaint. Failure to file an Amended Complaint by **June 24, 2011** will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 2, 2011.



/s/ J. Michael Seabright
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
J. Michael Seabright
United States District Judge

*Spagnolo v. Nadic Network Certified Dentists*, Civ. No. 11-00340 JMS/RPL, Order: (1) Granting Plaintiff's Application to Proceed Without Prepayment of Fees; and (2) Dismissing Complaint with Leave to Amend