IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICK SPAGNOLO, | ) | CIVIL NO. 11-00340 JMS-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S MOTION FOR |
| vs. | ) | DEFAULT JUDGMENT |
| | ) | |
| | ) | |
| NADIC NETWORK CERTIFIED | ) | |
| DENTISTS, DR. ADAM LOUSIGNONT, | ) | |
| DR. GREGORY MORTIZ, DR. JAY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT[1]

Before the Court is Plaintiff Nick Spagnolo's

("Plaintiff") Motion for Default Judgment, filed on August 17,

2011 ("Motion").  The Motion seeks entry of default judgment

against Defendants Nadic Network Certified Dentists ("Nadic"),

Dr. Adam Lousignont ("Lousignont"), Dr. Gregory Moritz

("Moritz"), and Dr. Jay ("Jay") (collectively "Defendants").

Lousignont filed a memorandum in opposition to the Motion on

August 31, 2011.  As of the present date, none of the other

Defendants has filed an opposition or other response to the

_____

[1] Within fourteen (14) days after a party is served with a
copy of the Findings and Recommendation, that party may, pursuant
to 28 U.S.C. § 636(b)(1)(B), file written objections in the
United States District Court.  A party must file any objections
within the fourteen-day period allowed if that party wants to
have appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

Motion, which, if any, should have been filed by August 31, 2011. See LR 7.4 ("An opposition to a non-hearing motion shall be served and filed not more than fourteen (14) days after service of the motion.").

On August 22, 2011, the Court found this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. See ECF No. 25. Based on the following, and after careful consideration of the Motion, supporting memorandum attached thereto, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be DENIED.

BACKGROUND

On May 26, 2011, Plaintiff, proceeding *pro se*, filed his Complaint against Defendants. The Complaint alleged that Plaintiff was injured by Defendants when he sought treatment for his teeth and a defective bridge was installed. See Compl. ¶ 2, ECF No. 1. This dental treatment appears to have taken place in Las Vegas, Nevada. See Complaint Ex. 2; Pl.'s Opp. Mot. Dismiss, ECF No. 26, at 1 ("The said dental procedure was performed at [Defendants'] office, located at 8460 S. Eastern Ave.[,] Las Vegas[,] NV.").

On the same day Plaintiff filed the Complaint, he also filed an Application to Proceed Without Prepayment of Fees

("Application"). <u>See</u> ECF No. 3.  Although Plaintiff's
Application was granted, his Complaint was dismissed without
prejudice for lack of subject matter jurisdiction because
Plaintiff, alleging diversity jurisdiction, failed to assert the
citizenship of any of the Defendants. <u>See</u> ECF No. 5.  On June
13, 2011, Plaintiff filed an Amended Complaint alleging that (1)
Plaintiff resides in Hawaii and it is his "principal place of
business," and (2) Defendants reside and operate their principal
place of business in Las Vegas, Nevada. <u>See</u> Am. Compl. ¶ 3, ECF
No. 6.  In response, the Court issued an Order Directing Service
of Process, which, among other things, directed the United States
Marshal to personally serve Defendants with the Amended Complaint
if their Waiver of Service of Summons forms were not returned.
<u>See</u> ECF No. 7, at 3.

On August 4, 2011, the United States Marshal filed a
Process Receipt and Return ("Process Receipt") for each of the
Defendants.  As to Nadic, the Marshal stated that he personally
served "Barbara Administrative Assistant" on July 25, 2011. <u>See</u>
ECF No. 16.  As to Lousignont and Jay, the Marshal stated that he
personally served "Katrinca & Barbara Administrative Assistants
(Front Desk)" on July 27, 2011. <u>See</u> ECF Nos. 14 & 17.  Finally,
as to Moritz, the Marshal stated that he was unable to effectuate
service because "Barbara (Admin Assistant) at NADIC Network
Certified Dentists states Dr. Moritz no longer works for the
company." <u>See</u> ECF No. 15.

In lieu of an Answer, on August 17, 2011, Lousignont filed a Motion to Dismiss Plaintiff's Complaint for Lack of Jurisdiction ("Motion to Dismiss").  <u>See</u> ECF No. 18.  As of the present date, none of the other Defendants has filed an Answer or other responsive pleading.  On August 17, Plaintiff filed the instant Motion.

<u>LEGAL STANDARD</u>

Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time.  Fed. R. Civ. P. 55(a).  Under FRCP 55(b)(1), the clerk of the Court may enter default judgment for the plaintiff if the defendant has defaulted by failing to appear and plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the court for default judgment.  Fed. R. Civ. P. 55(b)(2).

The grant or denial of a motion for the entry of default judgment is within the discretion of the court.  <u>Haw. Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 511-12 (9th Cir. 1986).  However, default judgments are ordinarily disfavored, and cases should be decided upon their merits wherever reasonably possible.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1472 (9th Cir. 1986).  Thus, entry of default does not entitle the non-defaulting party to a default judgment as a matter of right.  <u>Valley Oak Credit Union v. Villegas</u>, 132 B.R. 742, 746 (9th Cir. 1991).

4

The Ninth Circuit has indicated that a court should consider the following factors in exercising its discretion as to the entry of a default judgment:

> (1)   the possibility of prejudice to the plaintiff;
>
> (2)   the merits of the plaintiff's substantive claim;
>
> (3)   the sufficiency of the complaint;
>
> (4)   the sum of money at stake in the action;
>
> (5)   the possibility of a dispute concerning material facts;
>
> (6)   whether the default was due to excusable neglect; and
>
> (7)   the strong policy underlying the FRCP favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

Upon default, the general rule of law is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). Under this standard, the well-pled allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which she is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Furthermore, "necessary facts not contained in the pleadings, and claims which

are legally insufficient, are not established by default."
Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir.
1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir.
1978)).

ANALYSIS

As a preliminary matter, this Court has an affirmative
obligation to determine whether or not it has jurisdiction over
both the subject matter of this action as well as the defendant.
See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid
entering a default judgment that can later be successfully
attacked as void, a court should determine whether it has the
power, i.e., the jurisdiction, to enter the judgment in the first
place."). "A federal court is without personal jurisdiction over
a defendant unless the defendant has been served in accordance
with Fed. R. Civ. P. 4." Travelers Cas. & Sur. Co. of Am. v.
Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting Benny v.
Pipes, 799 F.2d 489, 492 (9th Cir. 1986)).

**A.  Default Judgment Should Not Enter as to Defendant Moritz**

The Process Receipt clearly states that the Marshal
was not able to serve Moritz with Plaintiff's Amended Complaint.
See ECF No. 15.  As a result, this Court lacks personal
jurisdiction over Moritz.  See Brenneke, 551 F.3d at 1135.
Therefore, default judgment should not enter as to Moritz.

**B.  Default Judgment Should Not Enter as to Defendant Lousignont**

Notwithstanding any issues regarding personal service of Lousignont, the Process Receipt indicates that service was purportedly made on July 27, 2011.  Pursuant to FRCP 12(a), a defendant has 21 days after being served with the summons and complaint to serve a responsive pleading.  <u>See</u> Fed. R. Civ. P. 12(a)(1)(A)(i).  According to the Court's calculations, the deadline for Lousignont to file a responsive pleading was August 17, 2011.  <u>See</u> Fed. R. Civ. P. 6(a)(1) (stating the rules for computing time when the period is stated in days).  Lousignont timely filed his Motion to Dismiss on August 17, 2011.  <u>See</u> Fed. R. Civ. P. 12(b)(6) (requiring that a motion asserting lack of jurisdiction be made before pleading).  As a result, Lousignont did not fail to "plead or otherwise defend" the Complaint within the permitted time.  <u>See</u> Fed. R. Civ. P. 55(a).  Therefore, default judgment should not enter as to Lousignont.

**C.    Default Judgment Should Not Enter as to Defendant Jay**

Rule 4(e) of the Federal Rules of Civil Procedure ("FRCP") provides that an individual may be served by:

> (1)  [F]ollowing state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2)  [D]oing any of the following:
>
>> (A)  delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B)  leaving a copy of each at the individual's dwelling or usual place of abode with someone

> of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Likewise, in Hawaii, where this district court is located, personal service upon an individual is made:

> (A) by delivering a copy of the summons and of the complaint to the individual personally or in case the individual cannot be found by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or (B) by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Haw. R. Civ. P. 4(d)(1). Nevada, where service was purportedly made, has a nearly identical rule for personal service. <u>See</u> Nev. R. Civ. P. 4(d)(6).

As to Jay, the Process Receipt stated that the Marshal served administrative assistants at the front desk of Nadic. <u>See</u> ECF No. 17. Under the above rules, personal service upon Jay was not properly effectuated. As a result, this Court lacks personal jurisdiction over Jay. <u>See</u> <u>Brenneke</u>, 551 F.3d at 1135. Therefore, default judgment should not enter as to Jay.

**D. Default Judgment Should Not Enter as to Defendant Nadic**

**1. Service of Process**

Service of a corporation, partnership, or other
unincorporated association within the United States must be
served either in the same manner prescribed in FRCP 4(e)(1) for
an individual or:

> [B]y delivering a copy of the summons and of
> the complaint to an officer, a managing or
> general agent, or any other agent authorized
> by appointment or by law to receive service of
> process and – if the agent is one authorized
> by statute and the statute so requires – by
> also mailing a copy of each to the
> defendant[.]

Fed. R. Civ. P. 4(h)(1).

Similarly, in Hawaii, service upon a domestic or
foreign corporation is made "by delivering a copy of the summons
and of the complaint to an officer, a managing or general agent,
or to any other agent authorized by appointment or by law to
receive service of process and, if the agent is one authorized by
statute to receive service and the statute so requires, by also
mailing a copy to the defendant." Haw. R. Civ. P. 4(d)(3). In
Nevada, "If the suit is against an entity or association formed
under the laws of this state or registered to do business in this
state, to the registered agent thereof or, if the entity or
association is . . . a corporation, to any officer thereof."
Nev. R. Civ. P. 4(d)(1).

As to Nadic, the Process Receipt stated that the
Marshal served an administrative assistant. See ECF No. 16.
"Despite the language of [Rule 4], service of process is not

limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process. The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice." <u>Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988). A party therefore can effect service "upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such position as to render it fair, reasonable and just to imply the authority on his part to receive service." <u>Id.</u> (citations omitted). Typically, "[t]he determination of whether a given individual is a 'managing or general agent' depends on a factual analysis of that person's authority within the organization." <u>Id.</u> (citation omitted).

The Court has little more than the Process Receipt to determine whether the administrative assistant who received service on behalf of Nadic was in such a position to render it fair, reasonable and just to imply the authority on her part to receive service. Unlike in <u>Direct Mail</u>, the Court does not know whether Nadic is a small company, whether the role played by the administrative assistant was commensurately large in the structure of the company, or whether the administrative assistant was the only employee in the office when the process server

arrived.  See id. at 688-89.  However, the Court recognizes

general policy that Rule 4 is flexible and "should be liberally

construed so long as a party receives sufficient notice of the

complaint."  Id. at 688 (quoting United Food & Commercial Workers

Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)).

Moreover, "actual receipt of process by the correct person may be

a factor in finding process valid when there are other factors

that make process fair."  Id.

Here, the Marshal apparently believed that the

administrative assistant was so integrated with Nadic that she

would know what to do with the papers.  Indeed, the

administrative assistant did accept service on behalf of the

company.  In addition, although it is unclear whether Nadic

itself received process, it is evident by his special appearance

in this action that the administrative assistant in question was

able to transmit the appropriate documents to at least one other

defendant, i.e., Lousignont.  Given the foregoing, and in light

of the liberal construction of Rule 4, the Court finds that the

administrative assistant was in such a position to render it

fair, reasonable and just to imply the authority on her part to

receive service on behalf of Nadic.  Therefore, the Court

concludes that service of process on the administrative assistant

is sufficient to constitute proper service of Nadic.

**2.   Personal Jurisdiction**

Although the Court finds that Nadic was adequately served with process under Rule 4, the Court must still find that it has personal jurisdiction over Nadic before default judgment can enter.  See Tuli, 172 F.3d at 712.  Personal jurisdiction in this District is proper provided it is consistent with Hawaii's long-arm statute and it comports with due process of law. Boschetto v. Hansing, 539 F.3d 1011, 1021-22 (9th Cir. 2008). Because Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process permits the exercise of personal jurisdiction.  Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004)).

For due process to be satisfied, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice."  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945)).  To meet this requirement, the Court must have either general jurisdiction or specific jurisdiction over the defendant.  Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997).

a.   **General Jurisdiction**

General jurisdiction exists when the defendant is either (1) domiciled in the forum state or (2) his activities there are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities.  Id.; Panavision Int'l L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 414-16 (1984)).

According to the Ninth Circuit, "[t]his is a very high standard in practice."  Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301 (9th Cir. 1986); Menken v. Emm, 503 F.3d 1050, 1056-57 (9th Cir. 2007) ("Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' for all purposes, a forum may only exercise 'specific' jurisdiction").  See, e.g., Helicopteros, 466 U.S. at 414 (Texas did not have general jurisdiction over a foreign corporation which sent one of its officers to negotiate a contract, sent personnel to train there, accepted checks drawn from a Texas bank, and purchased equipment from a Texas firm); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1330-31 (9th Cir. 1984) (no general jurisdiction existed in Arizona over defendants who visited Arizona several times, purchased materials in the state, solicited an agreement in the state that included Arizona choice of law and forum provisions, and did a great deal of communicating to Arizona).

The Court finds that it does not have general jurisdiction over Nadic. First, Nadic's principal place of business is Nevada, not Hawaii. Second, Nadic's activities are not substantial or continuous and systematic. The dental procedure from which this action arose took place in Nevada. The only link to Hawaii appears to be the Plaintiff's residence. This sole connection to the instant forum simply does not meet the high standard set forth by the Ninth Circuit for the exercise of general jurisdiction. For these reasons, the Court finds that it does not have general jurisdiction over Nadic in this case.

### b. Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine whether specific jurisdiction exists: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum related activities, and (3) the exercise of jurisdiction is reasonable. <u>Boschetto</u>, 539 F.3d at 1021. If any of the three requirements is not met, jurisdiction in the forum would deprive the defendant of due process of law. <u>Pebble Beach Co.</u>, 453 F.3d at 1155 (quoting <u>Omeluk v. Langsten Slip & Batbyggeri A/S</u>, 52 F.3d 267, 270 (9th Cir. 1995)).

In the present case, Nadic's conduct was not purposefully directed at Hawaii residents. As previously stated, the dental procedure at issue occurred in Nevada, and the only connection with Hawaii appears to be Plaintiff's residence. With Nevada as its principal place of business, Nadic could not reasonably anticipate being haled into court in Hawaii for claims arising out of Nadic's treatment of a patient in Las Vegas. See Panavision Int'l, 141 F.3d at 1320 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)) (stating that the purposeful availment requirement ensures that a nonresident defendant will not be haled into court based upon "random, fortuitous or attenuated" contacts with the forum state). Therefore, the Court finds that it does not have specific jurisdiction over Nadic in this case. Accordingly, lacking personal jurisdiction over Nadic, the Court concludes that default judgment should not enter.

**E.** *Eitel* **Factors**

Having found that this Court lacks jurisdiction over all Defendants, the Court need not consider whether default judgment is appropriate under the Eitel factors outlined above.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment, filed August 17, 2011, be DENIED as to all Defendants.

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, SEPTEMBER 21, 2011.



_____
Richard L. Puglisi
United States Magistrate Judge


SPAGNOLO V. NADIC NETWORK CERTIFIED DENTISTS, ET AL.; CIVIL NO.
11-00340 JMS-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT