THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NICK SPAGNOLO, | ) | CIVIL NO. 11-00340 JMS/RLP |
| | ) | |
| Plaintiff, | ) | ORDER (1) ADOPTING FINDINGS |
| | ) | AND RECOMMENDATION TO |
| vs. | ) | DENY PLAINTIFF'S MOTION FOR |
| | ) | DEFAULT JUDGMENT, |
| NADIC NETWORK CERTIFIED | ) | (2) GRANTING DEFENDANT |
| DENTISTS, DR. ADAM | ) | LOUSIGNONT'S MOTION TO |
| LOUSIGNONT, DR. GREGORY | ) | DISMISS FOR LACK OF PERSONAL |
| MORITZ, DR. JAY, | ) | JURISDICTION, (3) DENYING |
| | ) | PLAINTIFF'S MOTION FOR |
| Defendants. | ) | TRANSFER OF VENUE, AND |
| | ) | (4) DENYING OTHER MOTIONS AS |
| _____ | ) | MOOT |

**ORDER (1) ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, (2) GRANTING DEFENDANT LOUSIGNONT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, (3) DENYING PLAINTIFF'S MOTION FOR TRANSFER OF VENUE, AND (4) DENYING OTHER MOTIONS AS MOOT**

**I. INTRODUCTION**

Plaintiff Nick Spagnolo ("Plaintiff"), proceeding pro se, filed this malpractice action in this court based on diversity of citizenship against Defendants Nadic Network Certified Dentists ("Nadic"),[1] Dr. Adam Lousignont

---

[1] "Nadic" stands for "North American Dental Implants & Cosmetics." Doc. No. 6-1 at 9, Am. Compl. Ex. 4.

("Lousignont"), Dr. Gregory Moritz ("Moritz"), and Dr. Jay ("Jay") (collectively "Defendants"), alleging defective dental work performed in Las Vegas, Nevada.

Several matters are before the court. After service of the Amended Complaint was attempted, Plaintiff filed a Motion for Entry of Default Judgment, which U.S. Magistrate Judge Richard L. Puglisi recommended be denied in a Findings and Recommendation of September 21, 2011 ("Findings and Recommendation"). Doc. No. 39. Meanwhile, Lousignont filed a Motion to Dismiss for Lack of Personal Jurisdiction. Doc. No. 18. Plaintiff responded to that Motion, in part, by filing a Motion to Transfer Venue to the District of Nevada. Doc. No. 40. Plaintiff also filed Motions seeking to withdraw or strike the jury demand from his Amended Complaint. Doc. Nos. 35, 37.

Based on the following, the court (1) ADOPTS the Findings and Recommendation to Deny Plaintiff's Motion for Entry of Default, (2) GRANTS Lousignont's Motion to Dismiss for Lack of Personal Jurisdiction without prejudice, (3) DENIES Plaintiff's Motion to Transfer Venue, and (4) DENIES the Motions seeking to withdraw or strike jury demand without prejudice as moot.[2]

---

[2] Because the action is being dismissed without prejudice for lack of jurisdiction, Plaintiff's recently-filed Motion for Summary Judgment, Doc. No. 58, is also DENIED as MOOT.

2

## II. BACKGROUND

Construing Plaintiff's Amended Complaint liberally, Plaintiff seeks damages for negligence and/or breach of contract for "failing to refund monies, as promised in writing, previously paid for a defective bridge." Doc. No. 6, Am. Compl. ¶ 2. Plaintiff seeks damages for "pain management, visits to dentists for continued treatment, the full cost for both immediate and permanent repairs, and any possible balance for 200 days of pain." *Id.* Although the allegations are not clear, Plaintiff alleges that some or all Defendants were involved in "the creation of a defective bridge, cast impression three to six months premature, four damaged teeth, and refused to treat pain." *Id.* ¶ 3. Plaintiff describes the basis of his action, in part, as follows:

> The bridge purchased does not fit properly, it is crooked and does not meet at the gum line. Four teeth are permanently damaged and must be repaired to eliminate pain. Procedural mistakes include making cast impressions for a permanent bridge only one half hour after pulling two teeth. Cutting to the point nearing total destruction four teeth; which was after the act was performed, described by the attending dentist as "prepped."

*Id.* at 4, ¶ 1-b.

All Defendants reside in Nevada. *Id.* ¶ 2. All the dental work was performed in Nevada. Doc. No. 6-1, Am. Compl. Ex. 2; Doc. No. 26, Pl.'s Opp'n

at 1.  No Defendant is alleged to have an office in Hawaii or otherwise to have transacted business in Hawaii.  When the Amended Complaint was filed Plaintiff alleged that he "resides" in Hawaii, although it is unclear whether he lived in Hawaii when the dental work occurred in October 2010, as the record indicates he may have been living in Nevada or Pennsylvania at that time.  *See* Doc. Nos. 46-1 to 46-3.  In any event, the only link to Hawaii appears to be Plaintiff's residence. (And Plaintiff has since moved to Las Vegas, Nevada.  Doc. No. 49, Pl.'s Notice of Change of Address.)

Plaintiff filed his Amended Complaint on June 13, 2011.  Doc. No. 6. On August 17, 2011, he filed a Motion for Default Judgment (without first having obtained entry of default).  Doc. No. 22.  Lousignont filed his Motion to Dismiss for Lack of Personal Jurisdiction that same day.  Doc. No. 18.  Plaintiff filed his Opposition to the Motion to Dismiss on August 29, 2011, Doc. No. 26, and Lousignont filed his Reply on September 29, 2011.  Doc. No. 46.

Meanwhile, on September 21, 2011, Magistrate Judge Puglisi issued his Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment.  Doc. No. 39.  Plaintiff filed Objections to the Findings and

Recommendation on September 27, 2011. Doc. No. 42. He also filed a Motion to Transfer Venue on September 23, 2011. Doc. No. 40.[3]

A hearing was held on these various Motions on October 24, 2011. At the hearing, the court issued an Order to Show Cause why the entire action should not be dismissed for lack of personal jurisdiction. Responses to the Order to Show Cause were filed on November 14, 2011 and November 22, 2011. Doc. Nos. 54 & 57.

### III. STANDARDS OF REVIEW

**A. Objections to Findings and Recommendation**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Under a de novo standard, this

---

[3] On September 14, 2011, Plaintiff also filed a Motion to Withdraw Demand for Jury Trial. Doc. No. 35. On September 20, 2011, he filed a similar Motion to Strike Jury Trial Demand. Doc. No. 37.

5

court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

**B.     Motion to Dismiss for Lack of Personal Jurisdiction**

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Dole Foods Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "However, this showing requires that the plaintiff 'make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). While the plaintiff cannot "simply rest on the bare allegations of its complaint . . . , uncontroverted allegations in the complaint must be taken as true," and all disputed facts must be resolved in favor of the plaintiff. *Id.* (citation and quotation signals omitted).

# IV. **DISCUSSION**

A. **Motion for Default Judgment**

By this Motion, Plaintiff seeks default judgment against Defendants Moritz, Lousignont, Jay, and Nadic. Magistrate Judge Puglisi recommended that the Motion be denied because (1) Moritz and Jay had not been properly served, (2) Lousignont had filed a timely Motion to Dismiss for Lack of Personal Jurisdiction, and (3) the court lacks personal jurisdiction over Nadic. Doc. No. 39, Findings & Recommendation, at 6-8, 15.

Initially, the court recognizes that Plaintiff had not obtained an entry of default prior to filing his Motion for Default Judgment. An entry of default under Federal Rule of Civil Procedure 55(a) is required before obtaining a default judgment. "Rule 55 requires a 'two-step process,' consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment." *Hofelich v. Hawaii*, 2011 WL 1438096, at *1 (D. Haw. Apr. 14, 2011) (Findings and Recommendation adopted on May 6, 2011) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55.") and *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment'")). *See also Francis v. J.C. Penney Corp.*, 2009

WL 3761999, at *1 (W.D. Wash. Nov. 6, 2009) (denying motion for default judgment as premature where "plaintiff did not seek entry of default pursuant to Rule 55(a) prior to filing the motion for entry of default judgment pursuant to Rule 55(b)"). This failure to obtain entry of default is an independent basis to deny Plaintiff's Motion for Default Judgment.

Further, upon de novo review, the court agrees with Magistrate Judge Puglisi's Findings that Plaintiff did not properly serve Moritz and Jay, and that Lousignont filed a timely Motion to Dismiss in lieu of an answer. The court thus agrees that, even if Plaintiff had obtained entry of default, it would be improper to allow default judgment to enter. *See* Fed. R. Civ. P. 55; *Eitel*, 782 F.2d at 1471 (applying the two-step process required by Rule 55).

The court also agrees with Magistrate Judge Puglisi, upon de novo review, that the court lacks personal jurisdiction over Nadic. Plaintiff objects that "the defendants must argue personal jurisdiction themselves[.]" Doc. No. 42, Pl.'s Obj. at 1. Indeed, "[i]n most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party[.]" *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(1)). However, "when a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction." *Id.*

The court analyzes why it lacks personal jurisdiction over Nadic -- and thus concludes that default judgment would be improper as to Nadic -- in conjunction with its consideration of Lousignont's Motion to Dismiss for Lack of Personal Jurisdiction.

## B. Personal Jurisdiction

Lousignont, making a special appearance, argues that the court lacks personal jurisdiction over him. He argues -- and the record is undisputed in this regard -- that he resides in Nevada, which is his principal place of business, and he does not practice dentistry in Hawaii. The dental treatment occurred in Nevada. He conducted no business in Hawaii. He thus contends that exercising jurisdiction over him would violate due process. *See*, *e.g.*, *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction over an out-of-state defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate due process. *See*, *e.g.*, *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996). Hawaii's long-arm statute, Hawaii Revised Statutes ("HRS") § 634-35, extends to the full extent permitted by the Constitution. *Cowan v. First Ins. Co.*, 61 Haw. 644, 649 n.4, 608 P.2d 394, 399 n.4 (1980). The court thus focuses on whether due process principles permit the

exercise of personal jurisdiction over Defendants. *See Schwarzenegger*, 374 F.3d at 801.

"A court may exercise personal jurisdiction over a defendant consistent with due process only if he or she has 'certain minimum contacts' with the relevant forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Menken*, 503 F.3d at 1056 (quoting *Int'l Shoe Co.*, 326 U.S. at 316) (some quotation marks omitted).

> Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction -- that is, jurisdiction based on the relationship between the defendant's forum contacts and plaintiff's claims.

*Id.* at 1056-57.

Here, it cannot be disputed that neither Lousignont nor Nadic was "present" in Hawaii for purposes of establishing "general jurisdiction." Lousignont does not practice here, and has no office here. Nadic also has no office in Hawaii. Thus, only specific jurisdiction could be at issue -- that is, "jurisdiction based on the relationship between the defendant's forum contacts and plaintiff's claims." *Id.* at 1057.

The court conducts a three-part inquiry to determine whether "minimum contacts" are established for specific jurisdiction:

> 1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* (quoting *Schwarzenegger*, 374 F.3d at 802). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, 'the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable.'" *Id.*

Plaintiff fails to satisfy the first two prongs. There is no indication that Lousignont or Nadic (or any other Defendant) purposely directed or availed themselves of a Hawaii forum. Plaintiff speculates about "phone, fax, and other possible advertising as was seen on the internet from here in Hawaii." Doc. No.

42, Obj. at 3. But such speculation is insufficient, for "[u]nder a traditional jurisdictional analysis, advertising in a forum state does not typically suffice to establish personal jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1018 n.4 (9th Cir. 2008). *See also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish personal jurisdiction."). And nothing in Plaintiff's claim can be said to arise out of a Hawaii-related activity. The only connection to Hawaii appears to have been Plaintiff's residence.

For similar reasons, it would be unreasonable to exercise personal jurisdiction over any Defendant. *See Menken*, 503 F.3d at 1060 (describing seven balancing factors in assessing the reasonableness prong). Besides the lack of Hawaii contacts, Nevada law is at issue. Hawaii has little interest in adjudicating a dispute about Nevada law against Nevada dentists. And the burden would be high for Nevada defendants to litigate in Hawaii.

Accordingly, the court concludes that it lacks personal jurisdiction over Lousignont. Lousignont's Motion to Dismiss is GRANTED. The Amended Complaint is DISMISSED without prejudice.[4] The court also agrees with

---

[4] Because the Amended Complaint is dismissed without prejudice, Plaintiff's Motions to Strike or Withdraw Jury Demand, Doc. Nos. 35 &37, are DENIED without prejudice as MOOT.

Magistrate Judge Puglisi that the court lacks jurisdiction over Nadic, and thus ADOPTS the Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment. Plaintiff's Motion for Default Judgment is DENIED.

**C.     Plaintiff's Motion for Transfer of Venue**

The court next addresses Plaintiff's Motion for Transfer of Venue. Plaintiff seeks to transfer his action to the District of Nevada under 28 U.S.C. § 1404(a). The Motion was filed in conjunction with Plaintiff notifying the court that he changed his address to Nevada, and "in response to the [Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment]," Doc. No. 40, which is where Magistrate Judge Puglisi found a lack of personal jurisdiction.

Plaintiff invokes § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Unquestionably, it would be more convenient for the parties to litigate this suit in Nevada. Indeed, it appears venue was never proper in Hawaii under 28 U.S.C. § 1391(a).[5] Thus, the more proper transfer provision is 28 U.S.C.

---

[5] Section 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all

(continued...)

§ 1406(a).[6] *See Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp. 2d 1209, 1212 (D. Haw. 2002) ("Section 1404(a) generally applies when the transferor court is a proper venue for the action, while § 1406(a) is generally relied on when venue is not proper in the forum where a plaintiff originally filed suit.").

In any event, the court would consider transferring venue even without a motion given that the court lacks personal jurisdiction over Defendants. *See Ukai v. Fleurvil*, 2006 WL 3246615, at *3 (D. Haw. Nov. 7, 2006) (reasoning that, given a finding of lack of personal jurisdiction "the only matter left for the court to consider is whether to dismiss the present action or transfer it to another court"); *see also Froelich v. Petrelli*, 472 F. Supp. 756, 760 (D. Haw. 1979) ("[T]his Court has the power to transfer this action in the absence of personal

---

[5](...continued)
   defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

[6] Section 1406(a) provides:

   The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*See also* 28 U.S.C. § 1631 (allowing "[t]ransfer to cure want of jurisdiction" if "it is in the interest of justice").

jurisdiction over the defendants under either § 1404(a) or § 1406(a) if such a transfer is 'in the interest of justice.'").

Before transferring venue, however, the court addresses whether it is "in the interest of justice" to do so. *See, e.g.*, *Migi v. Jett*, 2009 WL 196188, at *1 (D. Haw. Jan. 26, 2009) ("Once a court determines that venue is improper, it should examine the merits of the plaintiff's action to decide whether the interests of justice require transfer instead of dismissal.").

Lousignont argues -- and the court agrees -- that it would be futile to transfer venue to the District of Nevada because transferring would only result in dismissal. In particular, Nevada Revised Statutes ("NRS") § 41A.071, entitled "Dismissal of action filed without affidavit of medical expert supporting allegations," provides:

> If an action for medical malpractice or dental malpractice is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

Because Plaintiff filed the action without an affidavit of an appropriate medical expert, Lousignont contends that a Nevada court "shall dismiss the action" under § 41A.071. Transferring venue would be fruitless and

thus not "in the interest of justice." *See Migi*, 2009 WL 196188, at *1 ("Transferring a case that would be dismissed does not further the interest of justice.").

Plaintiff argues that he need not submit an expert affidavit because he has submitted articles or abstracts of authorities. There is no support for this proposition. Rather, § 41A.071 requires expert testimony. *See Manley v. Nev. Dep't of Corr.*, 2009 WL 2949502, at *1 (D. Nev. Sept. 11, 2009) ("[D]ismissal of the claims is warranted because Plaintiff has failed to attach the affidavit of a medical expert supporting the allegations in the complaint.") (citing *Borger v. Eighth Judicial Dist. Court*, 102 P.3d 600, 606 (Nev. 2004)).

Similarly, the court rejects Plaintiff's argument that a "res ipsa loquitur" exception to the need for expert testimony applies here. *See* NRS § 41A.100(1) (setting forth exceptions to the expert-testimony requirement in situations such leaving an instrument in the body during surgery, or performing a surgical procedure on the wrong organ or limb). Plaintiff does not allege such events. Rather, he alleges a bridge did not fit properly, teeth were damaged, and other implant procedures should have been used.

In short, transferring this action to the U.S. District Court for the District of Nevada would not be "in the interest of justice."

## V. CONCLUSION

For the above reasons, (1) Plaintiff's Objections to the Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment, Doc. No. 42, are OVERRULED, the Findings and Recommendation is ADOPTED, and Plaintiff's Motion for Default Judgment is DENIED; (2) Lousignont's Motion to Dismiss for Lack of Personal Jurisdiction, Doc. No. 18, is GRANTED, and the Amended Complaint is DISMISSED without prejudice; (3) Plaintiff's Motion for Transfer of Venue, Doc. No. 40, is DENIED; (4) Plaintiff's Motions to Strike and Withdraw Jury Demand, Doc. Nos. 35 & 37, are DENIED without prejudice as MOOT, and (5) Plaintiff's Motion for Summary Judgment, Doc. No. 58, is DENIED as MOOT.

Because jurisdiction is improper in this court, the action is DISMISSED without prejudice. The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 1, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Spagnolo v. Nadic Network Certified Dentists et al.*, Civ. No. 11-00340 JMS/RLP, Order (1) Adopting Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment, (2) Granting Defendant Lousignont's Motion to Dismiss for Lack of Personal Jurisdiction, (3) Denying Plaintiff's Motion for Transfer of Venue, and (4) Denying Other Motions as Moot